IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 21, 2006

## VICKI LYNN FOX v. TERRY WAYNE FOX

**Appeal from the Chancery Court for Putnam County**
**No. 02-268     Vernon Neal, Chancellor**

**No. M2004-02616-COA-R3-CV - Filed on September 1, 2006**

PATRICIA J. COTTRELL, J., concurring.

I concur in the results reached by the majority and agree with most of the reasoning. However, I do not fully agree with the analysis used to determine whether the Carol Lane Property and the Buffalo Valley Road Property were marital or separate. The analysis used by the majority starts with the presumption that property acquired during the marriage is marital, relying on the definition of marital property in Tenn. Code Ann. § 36-4-121(b)(1)(A). While the opinion acknowledges in a footnote the definition of separate property that includes property acquired in exchange for pre-marital separately owned property, Tenn. Code Ann. § 36-4-121(b)(2)(B), the analysis fails to take that definition into account.[1] Logically, that definition should also create a "rebuttable presumption" that is equal in weight to the one used as the basis for the analysis herein.

I see no basis for choosing one definition over another to establish a presumption that must be rebutted, thereby creating shifting burdens of proof. Classification of property is a fact-intensive inquiry, to be conducted using the statutory definitions as interpreted by case law. Under the facts of this case, I agree with the conclusion reached by the majority because the parties treated the property as marital. That is often the deciding factor where application of the statutory definitions alone leads to unclear conclusions. That determination is simply a question of fact that can be determined without resort to presumptions and shifting burdens.

PATRICIA J. COTTRELL, JUDGE

_____

[1]Footnote 12 of the majority opinion states that the analysis begins with the presumption that property acquired during marriage is marital, but that the presumption can be rebutted by proof it was acquired with pre-marital separate property. At that point, the footnote states that the court will classify the property as separate. Of course, that analysis leaves out the next step, which is proof that through his or her conduct, the party owning the separate property the parties showed an intent to convert the property to marital. That is essentially how the majority's analysis proceeded herein with regard to the Carol Lane Property, except that the analysis omitted the step that recognized that the property was acquired using Ms. Fox's pre-marital assets. Consequently, there was no shifting of the burden as explained in footnote 12. In any event, I do not agree that the analysis must begin with the presumption it was marital property.